UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P. GILLIS,

        Plaintiff,

v.                                              Case No: 2:14-cv-418-FtM-38DNF

DEUTSCHE BANK TRUST CO.
AMERICAS, GMAC-RFC MASTER
SERVICING, HOMECOMINGS
FINANCIAL, ERIN MAE ROSE
QUINN, and ANDREW LEE
FIVECOAT,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Amended Notice of Bankruptcy Status (Doc. #30) filed by Homecomings Financial, LLC ("HFN") and Residential Funding Company, LLC ("RFC") on October 9, 2014.[2] Plaintiff filed a Motion and Objection to "RFC" and "Homecomings Financial" Request to be Removed from Case (Doc. #39) on October 9, 2014, which the Court construes as an opposition to the Amended Notice of Bankruptcy Status. This matter is ripe for review.

On May 14, 2012, Residential Capital, LLC, and its direct and indirect subsidiaries,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] HFN and RFC inform the Court that Plaintiff improperly named them in the Complaint as "GMAC-RFC Mastering Service." (Doc. #1 at 1). Since GMAC-RFC Master Servicing is not a registered entity, RFC responds on behalf of whatever entity Plaintiff has attempted to name. (Doc. #1 at 1 n.1).

including HFN and RFC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (Doc. #30 at ¶ 1). HFN's and RFC's Chapter 11 cases were jointly administered under Case No. 12-12020. (Doc. #30 at ¶ 1).

On December 11, 2013, the Bankruptcy Court entered an Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order"). (Doc. #30 at ¶ 2). The Confirmation Order approved the terms of the Chapter 11 plan, as amended (the "Plan"). Additionally, the Plan's effective date occurred on December 17, 2013. (Doc. #30 at ¶ 2).

Pertinent to this case, the injunctive provisions of the Plan and Confirmation Order have remained in full force and effect following the effective date. (Doc. #30 at ¶ 3). Specifically, Article IX.I of the Plan and Section G of Paragraph 40 of the Confirmation Order "enjoin[] all parties from 'commencing or continuing in any manner or action or other proceeding of any kind' relating to claims that are released under the Plan." (Doc. #30 at ¶ 3). Additionally, Article VIII.B of the Plan states the claim of any creditor that failed to file a proof of claim by the applicable deadline

> SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT.

(Doc. #30 at ¶ 4). Finally, the Bankruptcy Court has retained exclusive jurisdiction to hear

all matters pertaining to an injunction provided under the Plan and Confirmation Order. (Doc. #30 at ¶ 5).

According to HFN and RFC, Plaintiff is barred from continuing to prosecute this action against them because he did not file a timely proof of claim in the Chapter 11 bankruptcy cases. (Doc. #30 at ¶ 6). Plaintiff challenges HFN and RFC's position, arguing that he filed a proof of claim on or about August 31, 2012, and informed the Bankruptcy Court of "possible bankruptcy fraud perpetrated by GMAC and/or its subsidiaries on August 27, 2012." (Doc. #39 at 2). Since Plaintiff contests a dismissal of his claims against HFN and RFC, HFN and RFC will seek relief from the Bankruptcy Court in the form of an order (1) enforcing the injunction provision of the Plan and Confirmation Order, and (2) prohibiting Plaintiff from continuing prosecution of this action against them. (Doc. #30 at ¶ 6). In the meantime, HFN and RFC request that the Court stay Plaintiff's case as it relates to them. (Doc. #30 at ¶ 7).

In light of the Plan's and Confirmation Order's injunction provisions, this matter is stayed against HFN and RFC only.

Accordingly, it is now

**ORDERED:**

(1) This case is **STAYED** as to **Homecomings Financial, LLC and Residential Funding Company, LLC ONLY**.

(2) The Clerk of Court is **DIRECTED** to place a stay flag on this case.

(3) Homecomings Financial, LLC and Residential Funding Company, LLC shall advise the Court, in writing, as to the status of any relief it seeks from the United States Bankruptcy Court for the Southern District of New York, as set forth in

their Amended Notice of Bankruptcy Status ([Doc. #30](Doc. #30)), on or before **November 13, 2014**, and every **SIXTY (60) DAYS** thereafter.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of October, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record