UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P. GILLIS

       Plaintiff,

v.                                Case No:  2:14-cv-418-FtM-38DNF

DEUTSCHE BANK TRUST
COMPANY AMERICAS, GMAC-RFC
MASTER SERVICING,
HOMECOMINGS FINANCIAL, ERIN
MAE ROSE QUINN, and ANDREW
LEE FIVECOAT

       Defendants.

_____/

## **ORDER**[1]

     This matter is before the Court on *pro se* Plaintiff Ronald P. Gillis' Motion to Consolidate filed on November 28, 2014.  (Doc. #50).  Defendant Deutsche Bank Trust Company filed an untimely Response to Motion to Consolidate on December 15, 2014, which the Court will not consider.  (Doc. #60 at 1 n.1).  With leave of Court, Defendants Erin Mae Rose Quinn and Andrew Lee Fivecoat filed a timely Opposition to Plaintiff's Motion to Consolidate on December 31, 2014.  (Doc. #73; Doc. 63).  Thus, Plaintiff's Motion to Consolidate is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On January 16, 2008, Defendant Deutsche Bank Trust Company Americas, acting as Trustee for GMAC-RFC Master Servicing, brought a mortgage foreclosure action against Plaintiff in the Twentieth Judicial Circuit in and for Charlotte County, Florida (hereinafter "State Court case").  The State Court case is indexed at Case No. 08-252-CA, and has been ongoing for over seven years.

On July 29, 2014, Plaintiff attempted to remove the State Court case to this Court. (Doc. #1).  The Court denied Plaintiff's request to proceed *in forma pauperis* because it was unclear whether Plaintiff was removing the State Court case or initiating a new federal action.  (Doc. #5 at 2).  Plaintiff thereafter filed a new complaint on August 29, 2014, setting forth several claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. #16).  Plaintiff specified that this was a new action and not a removal from State Court.  (Doc. #19).

Plaintiff now moves the Court to consolidate this action with the State Court case under Rule 42(a)(2) of the Federal Rules of Civil Procedure.  (Doc. #50 at 1).  Plaintiff argues the majority of federal questions raised in the instant action arose out of litigation in the State Court case.  (Id. at 2).  Plaintiff also posits that, other than Defendant Homecomings Financial, the other named Defendants in this case are likewise parties in the State Court case.  (Id.).

Rule 42 of the Federal Rules of Civil Procedure provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  This rule delineates

the district court's power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citation and internal quotes omitted).  A district court's decision to consolidate similar cases is "purely discretionary." Id. (citations omitted).  In determining whether to consolidate under Rule 42(a), the district court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (citation omitted).

Having considered the above factors, the Court finds that consolidation is inappropriate.  Despite a few overlapping facts connecting the two cases, the State Court and Federal Court actions do not raise common questions of law or fact.  Deutsche Bank's mortgage foreclosure action against Plaintiff raises separate and distinct issues of law than Plaintiff's claims against Defendants under the FDCPA and RICO.  Thus, there are no risks of inconsistent adjudications of common factual or legal issues, nor will consolidation eliminate unnecessary confusion and repetition.

Moreover, Deutsche Bank commenced the mortgage foreclosure action against Plaintiff on January 16, 2008, whereas Plaintiff filed the Original Complaint nearly six years later.  From a procedural standpoint, this case has not developed to the extent to which the State Court case has evolved.  Compared with the State Court case, which has been ongoing for seven years, the instant action is in the preliminary stages.  Given that

the procedural posture of each case differs significantly, consolidating this action with the State Court case will neither permit the efficient resolution of Plaintiff's claims nor lessen the burden on the parties, witnesses, and available judicial resources.

Finally, when Plaintiff filed the instant case he specified that this was a new action and not a removal case from State Court.  (Doc. #16).  To the extent Plaintiff filed the Motion to Consolidate as another attempt to remove the State Court case, such efforts are wasted and inappropriate.  (Doc. #20).  Also, the Court is unaware of any authority that allows a federal court to consolidate a pending state court matter with a case pending in federal court.

Accordingly, it is now

**ORDERED:**

Plaintiff Ronald P. Gillis' Motion to Consolidate (Doc. #50) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record