UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P. GILLIS,

       Plaintiff,

v.                                     Case No: 2:14-cv-418-FtM-38DNF

DEUTSCHE BANK TRUST COMPANY AMERICAS, GMAC-RFC MASTER SERVICING, HOMECOMINGS FINANCIAL, ERIN MAE ROSE QUINN and ANDREW LEE FIVECOAT,

       Defendants.
_____/

**<u>ORDER</u>**[1]

      This matter comes before the Court on Defendant Deutsche Bank Trust Company Americas' Motion to Dismiss (Doc. #52) and Defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn's Motion to Dismiss (Doc. #72) filed on December 8, 2014, and December 31, 2014, respectively. Plaintiff Ronald P. Gillis filed a Response in Opposition to Defendant Duetsche Bank Trust Company Americas' Motion on January 8, 2015 (Doc. #75), but failed to file a Response to Defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn's Motion.[2] The Motions are now ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] In response to Defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn's Motion to Dismiss, Plaintiff filed a Motion to Strike. (Doc. #87).

**Background**

Defendant Deutsche Bank Trust Company Americas ("DBTCA") is a New York Corporation with its principal place of business in New York. (Doc. #16 at 3). Defendants Andrew Lee Fivecoat ("Fivecoat") and Erin Mae Rose Quinn ("Quinn") are Florida residents who served as counsel for DBTCA in previous litigation. (Doc. #16 at 4). Plaintiff is a Florida resident who previously engaged in litigation with Defendants. (Doc. #16 at 3). In 2008, DBTCA filed a state-court foreclosure action against Plaintiff, seeking to recover on a note assigned to it and secured by Plaintiff's residence. (Doc. #16 at 2). Throughout the state-court litigation, Plaintiff avers that, through the acts of its counsel, Fivecoat and Quinn, DBTCA committed various frauds on the state court. (Doc. #16 at 2). These acts include repeatedly misidentifying itself, filing false documents, and failing to identify the mortgage-backed trust that purports to own the mortgage that it sought to foreclose on. (Doc. #16 at 2).

Plaintiff believes that this conduct illustrates, among other things, that Defendants are operating a "criminal enterprise to illegally enrich themselves through the extortion of legal fees and the sale of ill-gotten real estate assets to which they are not entitled. . . ." (Doc. #16 at 2). To that end, Plaintiff filed the instant action asserting eight counts total[3], including two counts against all Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.* (Counts 1-2); four counts against Defendants Fivecoat and Quinn for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.* (Counts 4-8); one count against Defendant DBTCA for a violation of RICO (Count 3); and one count against all Defendants

---

[3] Although Plaintiff's Complaint appears to assert nine counts, Plaintiff mislabeled the Count numbers and skipped the number six. (Doc. #16 at 5).

for a violation of RICO (Count 9).  (Doc. #16 at 4-6).  In response, Defendant DBTCA and Defendants Fivecoat and Quinn filed Motions to Dismiss. (Doc. #52; Doc. #72).  The Court will address both Motions in this Order.

### Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff.  *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss.  *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868.  "Nor does a complaint suffice if it tenders naked assertions

devoid of further factual enhancement." *Id.* (internal modifications omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Because Plaintiff is proceeding *pro se*, the Court construes his complaint more liberally than had it been drafted by an attorney.  See *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990).

## Discussion

There are two Motions to Dismiss pending before the Court. Defendant DBTCA seeks dismissal of Plaintiff's Complaint on the basis that 1) Plaintiff's FDCPA claims are time-barred and lack sufficient grounds; 2) Plaintiff fails to plead his RICO claims with the specificity required by Fed. R. Civ. P. 9(b) and fails to assert the elements of a RICO claim; and 3) all of Plaintiff's claims are barred by collateral estoppel.  (Doc. #52 at 3-11). Similarly, Defendants Fivecoat and Quinn seek dismissal of Plaintiff's Complaint on the basis that 1) Plaintiff's claims are barred by collateral estoppel; 2) Plaintiff's FDCPA claims fail as a matter of law; 3) Plaintiff has failed to allege any acts that violate the FDCPA; 4) Plaintiff fails to state a cause of action under RICO; and 5) all of Plaintiff's claims are barred by litigation privilege.  (Doc. #72 at 9-24).  Plaintiff responds by disputing parts of Defendant DBTCA's Motion and contending that Defendant DBTCA asserts arguments that are improper before the start of discovery.  (Doc. #75).  The Court will address Defendants' Motions and Plaintiff's Response, if applicable, on a count-by-count basis.

*Violations of the FDCPA (Counts 1-2):*

To assert a violation of the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Salazar v. MFP, Inc.*, 847 F.Supp.2d 1329, 1331 (M.D. Fla. 2012) (internal quotations and citations omitted). In both of the instant Motions, Defendants initially focus on the first element and contend that Plaintiff's FDCPA claims fail as a matter of law because a foreclosure is not "collection activity." (Doc. #52 at 4-5; Doc. #72 at 9-14). To support this contention, Defendants primarily rely on the unpublished Eleventh Circuit case *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458 (11th Cir. 2009). There, the Eleventh Circuit held that the "enforcement of a security interest through the foreclosure process is not debt collection for the purposes of [FDCPA]." *Warren,* 342 F. App'x at 460.

While the holding of *Warren* is clear and quite persuasive, the Eleventh Circuit has revisited this issue in several later opinions. For example, in *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* the Eleventh Circuit held that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." 678 F.3d 1211, 1218 (11th Cir. 2012). To that end, the Eleventh Circuit determined that the defendant's letter to the plaintiff constituted debt collection activity even though the letter related to the enforcement of a security interest and the foreclosure process. *Id.* In doing so, the court focused on the fact that the letter "demanded full and immediate payment of all amounts due" and threatened to add attorney's fees "to the total amount for which collection is sought." *Id.* (internal

5

quotations omitted). Notably, however, the Eleventh Circuit concluded its analysis by clarifying that it was "not decid[ing] whether a party enforcing a security interest without demanding payment on the underlying debt is attempting to collect a debt within the meaning of [FDCPA]." *Id.* at 1218 n.3.

The Eleventh Circuit further addressed this issue in *Birster v. Am. Home Mortg. Serv., Inc.,* 481 F. App'x 579 (11th Cir. 2012). There, the Eleventh Circuit reiterated that *Reese* is binding precedent for the proposition that it is possible "that an entity can both enforce a security interest *and* collect a debt." *Birster,* 481 F. App'x at 583 (emphasis in original). Once again, the court found that the defendant attempted to both enforce a security interest and collect a debt under FDCPA, focusing on the contents of a letter sent to the plaintiff[4] and the defendant's "relentless assault" of phone calls. *Id.*

Most recently, the Eleventh Circuit reconciled its previous decisions on this issue in *Dunavant v. Sirote & Permutt, P.C.,* --- F. App'x ----, No. 14-13314, 2015 WL 525536, at *1 (11th Cir. Feb. 9, 2015). In doing so, the court rejected the plaintiff's argument that *Birster* overruled *Warren*, finding that the decisions are not in conflict. *Dunavant,* 2015 WL 525536, at *2. While *Birster* affirmed that it is possible for an entity to both enforce a security interest and collect a debt, the court explained that enforcing a security interest, without more, does not constitute an attempt to collect a debt under FDCPA. *Id.* Therefore, the court held that notices published by the defendant in a newspaper

---

[4] The letter "advised the [plaintiff] that [the defendant] would foreclose on their home unless they [paid the amount of the note in default] within 30 days" and "included a disclosure stating 'THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.'" *Birster,* 481 F. App'x at 583.

regarding a foreclosure sale did not amount to an attempt to collect a debt under FDCPA.[5] *Id.*

In light of the foregoing, the Court finds that Plaintiff cannot assert violations of the FDCPA predicated upon only Defendants' actions in the state-court foreclosure proceedings. In the Complaint, Plaintiff asserts that Defendants violated the FDCPA by making "false, deceptive[,] and misleading representations [to the state court] concerning their standings to sue Plaintiff and their interest in the debt" and by "fil[ing] false and forged mortgage assignments and other documents and affidavits into the [state-court] records. . . ." (Doc. #16 at 4). Notably, Plaintiff fails to allege a single act that would constitute "an attempt to collect a debt." There is no allegation that any of Defendants' acts were addressed to Plaintiff or that these acts included information relating to the collection of payments from him. Instead, the alleged acts related solely to Defendants enforcing their security interest against Plaintiff through state-court foreclosure proceedings. Therefore, even when taking Plaintiff's allegations as true, Plaintiff's FDCPA claims fail as a matter of law. *See Dunavant*, 2015 WL 525536, at *2.

*Violations of RICO (Counts 3-8):*

The federal civil RICO statute, § 1962(c), makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (citations and quotations omitted). To assert

---

[5] The Eleventh Circuit focused on the fact that the notices at issue "were published in a newspaper to inform the public about the status of the foreclosure sale, were not addressed to the debtors, and included no information relating to the collection of payments from them." *Dunavant*, 2015 WL 525536. *2 n.3.

a federal civil RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id.* Moreover, when the alleged conduct is an act of fraud, the plaintiff must also meet the heightened pleading requirement set out in Fed. R. Civ. P. 9(b). The Eleventh Circuit held that in the RICO context, Rule 9(b) requires the plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[]; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citations and quotations omitted).

Defendants argue that Plaintiff's RICO allegations fail to meet Rule 9(b)'s heightened pleading standard. (Doc. #52 at 5-6; Doc. #72 at 20-21). The Court agrees. Even though all of Plaintiff's RICO claims contain allegations of "forged documents" or "misrepresentations," Plaintiff fails to provide any factual detail to support these allegations. (Doc. #16 at 4-6). For example, Count 6, the most detailed Count in Plaintiff's Complaint, states, in full:

> Defendants [] Quinn and Fivecoat[] by the filing of false foreclosure and through the submission of forged documents through the United States Mail did violate [18 U.S.C. § 1341] through a scheme to defraud and did use the mails to further that scheme in the normal course of conduct of the scheme. Notices and documents were mailed to Plaintiff to induce and to deceive Plaintiff and the [s]tate [c]ourt to submit to the illegal foreclosure from January 16, 2008 with the mail service of the original foreclosure petition and through to November 18, 2013 in the conduct by [] Defendants of the filing of false and forged documents through the US Mail. The documents included forged assignments, notes, mortgages, affidavits and other writings germane to the financial mortgage transaction and documented on the Official Docket Record of Charlotte County, FL.

8

(Doc. #16 at 5). As evidenced, there is no information regarding the precise misrepresentations or the precise forged documents; there is no information regarding the time or place these forged documents or misrepresentations were presented; there is no information regarding how these alleged forged documents or misrepresentations misled Plaintiff; and there is no information regarding what Defendants gained by the alleged fraud. Without providing additional factual details to meet Rule 9(b)'s heightened pleading standard, Plaintiff's RICO claims must be dismissed.

*Amending the Complaint*

Because Plaintiff is proceeding *pro se*, the Court finds that Plaintiff should be afforded the opportunity to amend his Complaint to properly allege his claims. If Plaintiff wishes to reallege his RICO claims properly, the Court directs his attention to *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277 (11th Cir. 2006), where the Eleventh Circuit set out the pleading requirements for doing so. Likewise, if Plaintiff wishes to reallege his FDCPA claims properly, Plaintiff should review the Court's analysis above, detailing what actions do or do not qualify as FDCPA violations in the foreclosure context.

Accordingly, it is now

**ORDERED:**

1. Defendant Deutsche Bank Trust Company Americas' Motion to Dismiss (Doc. #52) is **GRANTED**.

2. Defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn's Motion to Dismiss (Doc. #72) is **GRANTED.**

3. Plaintiff Robert Gillis' Complaint (Doc. #16) is **DISMISSED without prejudice.**[6]

---

[6] The Court notes that Defendants GMAC-RFC Master Servicing and Homecomings Financial (collectively hereinafter referred to as the "Non-Moving Defendants") did not join in either of the instant Motions to

4. Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Order.

5. All other pending Motions are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 23rd day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

Dismiss. Nevertheless, because the Non-Moving Defendants are not named in any independent claims and are instead named only in Counts 1, 2, and 9 asserted against "all Defendants," which the Court has determined must be dismissed, the Court's Order applies to the Non-Moving Defendants also. Moreover, because the Court is granting Plaintiff the opportunity to amend his Complaint, the Court finds that no action needs to be taken with regard to the stay currently in place against the Non-Moving Defendants at this time.