UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P. GILLIS,

        Plaintiff,

v.                                      Case No: 2:14-cv-418-FtM-38CM

DEUTSCHE BANK TRUST COMPANY AMERICAS, ERIN MAE ROSE QUINN and ANDREW LEE FIVECOAT,

        Defendants.
_____ /

## ORDER[1]

This matter comes before the Court on *pro se* Plaintiff Ronald P. Gillis' Motion to Reconsider Dismissal (Doc. #104) filed on July 14, 2015. Defendants Andrew Lee Fivecoat and Erin Rose Quinn filed a Response to Plaintiff's Motion to Reconsider Dismissal (Doc. #107) on July 31, 2015. On the same day, Defendant Deutsche Bank Trust Company Americas separately filed its Response in Opposition to Plaintiff's Motion for Reconsideration. (Doc. #109). Thus, this matter is ripe for review.

## BACKGROUND

Plaintiff's complaint stems from a 2008 residential foreclosure action that Defendant Deutsche Bank initiated in state court. (Doc. #92 at 2). Defendants Fivecoat and Quinn, who are Florida-licensed attorneys, represented Deutsche Bank in the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

foreclosure case. Plaintiff now alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") while prosecuting the underlying foreclosure. (Doc. #1; Doc. #16).

Defendants moved to dismiss the original complaint (Doc. #52; Doc. #72), which the Court granted (Doc. #90). Because of Plaintiff's *pro se* status, the Court afforded him an opportunity to amend in order to cure the deficiencies the Court discussed in its order. (Doc. #90 at 9). The Court also directed Plaintiff to case law to help him meet the pleading standards required to survive a motion to dismiss. (Doc. #90 at 9).

Plaintiff thereafter filed a nine-count Amended Complaint again alleging FDCPA and RICO violations. (Doc. #92 at 5011). Defendants filed motions to dismiss (Doc. #93; Doc. #94), to which Plaintiff did not respond. After careful consideration, the Court dismissed the Amended Complaint with prejudice because Plaintiff neither established a *prima facie* FDCPA violation nor pled RICO violations with the requisite specificity under Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. #98 at 4-7). This time, however, the Court did not afford him leave to amend because he ignored its previous direction and refiled nearly identical allegations with minimal additions and alterations. (Doc. #98 at 7). As a result, the Court found future amendments to be futile and dismissed the case with prejudice. (Doc. #98 at 7).

Plaintiff now challenges the Court's most recent order, asking it to reconsider the dismissal. (Doc. #104). Because Plaintiff filed the motion to reconsider within twenty-eight days of the judgment (Doc. #101), the Court treats it as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[2]

---

[2] Although the Federal Rules of Civil Procedure make no mention of a motion for reconsideration, the Eleventh Circuit has described such a motion as falling within the ambit of either Rule 59(e) (motion to alter

**DISCUSSION**

Under Rule 59(e), a court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. Holyfield*, No. 8:08-cv-1101, 2008 WL 2557591, at *1 (M.D. Fla. June 20, 2008). In exercising this discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. Nevertheless, reconsideration of an order is an extraordinarily remedy that is used sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) ("[I]n the interests of finality and conservation of scare judicial resources, reconsideration is an extraordinary remedy to be employed sparingly."). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Courts have recognized three grounds to justify reconsideration of a prior order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent injustice. *See McCreary v. Brevard Cnty, Fla.*, No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for

---

or amend judgment) or Rule 60(b) (motion for relief from judgment). *See Region 8 Forest Serv. Timber Purchasers Council v. Alocock*, 993 F.2d 800, 806 (11th Cir. 1993). Where, as here, a motion for reconsideration is filed within the 28-day period set by Rule 59, the requested reconsideration will generally be treated under Rule 59(e). Under either rule, however, relief granted from motions to reconsider is within "the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Region 8 Forest*, 993 F.2d at 806.

3

attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (citation omitted). "A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'Ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

Here, Plaintiff has not demonstrated any ground to justify the Court reconsidering its order. He has shown neither an intervening change in controlling law since the Court's decision nor new evidence that has become available. He similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice. Instead, Plaintiff uses this motion to re-litigate issues the Court already considered and rejected. At its core, Plaintiff's motion asks this Court to reassess its decision that he did not allege sufficient facts, meanwhile wholly failing to take into account the Court's reasons for dismissing his claims.

The thrust of Plaintiff's Amended Complaint objected to Defendants prosecuting the foreclosure action against him. Under Eleventh Circuit precedent, however, the act of foreclosing on a home is the enforcement of a security interest, which is not debt collection activity under the FDCPA. (Doc. #98 at 5); *see also Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (stating the initiation and prosecution of a mortgage foreclosure action, standing alone, does not constitute debt collection under the FDCPA). While Plaintiff made additional allegations that he received demand letters from "the security interest holder" and that Defendants sought a deficiency

4

judgment in addition to the foreclosure, blanket statements such as these that do not identify the pertinent actors or relevant dates are not specific enough to trigger FDCPA liability. More facts were needed. The Court – mindful of Plaintiff's *pro se* status and in an abundance of caution – provided him such an opportunity to allege more facts after dismissing his first complaint. But, he failed to do so. Plaintiff cannot use the Court as a backboard to check that its work is sufficient, even as a *pro se* litigant.

In conclusion, the Court carefully considered the allegations in the Amended Complaint and held, as it does today, that it should be dismissed for failure to state claims under the FDCPA and RICO. The Court finds Plaintiff's arguments unavailing and declines to permit him to take another bite at the apple.

Accordingly, it is now

**ORDERED:**

Plaintiff Ronald P. Gillis' Motion to Reconsider Dismissal ([Doc. #104](Doc. #104)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of August, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record