UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P. GILLIS,

       Plaintiff,

v.                                   Case No:  2:14-cv-418-FtM-38CM

DEUTSCHE BANK TRUST
COMPANY AMERICAS, ERIN
MAE ROSE QUINN and ANDREW
LEE FIVECOAT,

       Defendants.

_____

## REPORT AND RECOMMENDATIONS[1]

This matter comes before the Court upon review of Defendants, Erin Mae Rose Quinn and Andrew Lee Fivecoat's Motion for Attorney's Fees and Incorporated Memorandum of Law (Doc. 99) [2], Defendant Deutsche Bank Trust Company Americas' Motion for Attorneys' Fees and Incorporated Memorandum of Law (Doc. 100), and Plaintiff's Motion for Injunction (Doc. 103).  Plaintiff filed his opposition,

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

entitled Plaintiff's Motion in Opposition to Defendants' Request for Attorney's Fees (Doc. 105).   Defendants Quinn and Fivecoat filed their Response to Plaintiff's Motion for Injunction and Plaintiff's Motion in Opposition to Defendants' Requests for Attorney's Fees (Doc. 106). Defendant Deutsche Bank Trust Company Americas filed its Response to Plaintiff's Motion for Injunction (Doc. 108).   The motions, therefore, are ripe for review.   For the reasons that follow, the Court recommends that Defendants, Erin Mae Rose Quinn and Andrew Lee Fivecoat's Motion for Attorney's Fees and Incorporated Memorandum of Law (Doc. 99) be denied, Defendant Deutsche Bank Trust Company Americas' Motion for Attorneys' Fees and Incorporated Memorandum of Law (Doc. 100) be denied, and Plaintiff's Motion for Injunction (Doc. 103) be denied.

## Background

The factual allegations in which this action arose stem from a 2008 residential *in rem* foreclosure action that Defendant Deutsche Bank Trust Company Americas ("DBTCA" or "Deutsche Bank") filed against Plaintiff's real property in Charlotte County, Florida.   Doc. 16 at 2.   Defendants Andrew Lee Fivecoat ("Fivecoat") and Erin Mae Rose Quinn ("Quinn") are Florida-licensed attorneys that represented Deutsche Bank in the foreclosure case.   *Id.* at 4.   In July 29, 2014, *pro se* Plaintiff began his litigation in federal court by attempting to remove the foreclosure case to federal court.   Docs. 1-14.   At the time of the attempted removal, the foreclosure case had been pending in state court for seven years.   Doc. 14 at 2.   Plaintiff then filed his initial Complaint on August 29, 2014.   Doc. 16.   After the initial Complaint,

Plaintiff then attempted to consolidate the foreclosure case with the federal case. Doc. 50.[3]

Plaintiff's initial Complaint alleged two counts against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA") and six counts for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Doc. 16. As for the FDCPA claims, Plaintiff alleged that Defendants violated the FDCPA by "making false, deceptive[,] and misleading representations [to the state court] concerning their standing to sue Plaintiff and their interest in the debt" and by "fil[ing] false and forged mortgage assignments and other documents and affidavits into the [state court] records." *Id.* at 4. As for the remaining allegations, Plaintiff generally averred that DCBA, through the acts of its counsel, filed false and forged documents in the foreclosure case in an ongoing conspiracy to defraud homeowners in thousands of cases in Florida. *Id.* The thrust of many of these allegations of "false" and "forged" documents is Plaintiff's belief that DBTCA "repeatedly misidentified itself in the [foreclosure action]" and filed mortgage assignment documents when "no such assignment ever occurred." Doc. 16 at 2.

On March 23, 2015, the Court entered an Order dismissing the initial Complaint without prejudice. Doc. 90. In its Order, the Court outlined the elements to assert a violation of the FDCPA and discussed in detail Eleventh Circuit precedent as to what actions do or do not qualify as FDCPA violations in the foreclosure context. *Id.* at 5-7. The Court found that Plaintiff's FDCPA claims

---

[3] This motion was denied on January 27, 2015. Doc. 80.

failed as a matter of law, and gave Plaintiff the opportunity to properly allege his claims.   Specifically, the Court informed Plaintiff that "while it is possible for an entity to both enforce a security interest and collect a debt . . . enforcing a security interest, without more, does not constitute an attempt to collect a debt under the FDCPA." Doc. 90 at 6 (*citing Dunavant v. Sirote & Permutt, P.C.*, 603 F. App'x 737 (11th Cir. 2015)).   Nothing in Plaintiff's complaint alleged a single act that would constitute an "attempt to collect a debt." Doc 90 at 7.   In light of Plaintiff's *pro se* status, the Court gave him an opportunity to consult the case law and amend his Complaint.   As to the RICO counts, the Court found that those claims failed to meet the specificity requirements of Rule 9(b), and directed Plaintiff to specific case law that set out the pleading requirements for such claims.   *Id.* at 9.

Plaintiff timely filed an Amended Complaint alleging three counts against Defendants for violations of the FDCPA and six counts for violations of the RICO. Doc. 92.   The Amended Complaint was nearly identical to the initial Complaint, with only minimal additions to the FDCPA counts.   Defendants again filed motions to dismiss, to which Plaintiff did not respond.   Docs. 93, 94.   On May 21, 2015, the Court dismissed Plaintiff's Amended Complaint with prejudice for the same reasons as stated in its prior dismissal order.   Doc. 98.   The Court further found that Plaintiff "did not heed [the Court's] instructions" on the pleading requirements for his alleged counts, ignored the Court's assistance, and hastily refiled his Amended Complaint containing nearly the exact same allegations as the initial Complaint.   *Id.* at 6-7.   Plaintiff subsequently filed a Motion for Reconsideration (Doc. 104), which

also was denied for failure to demonstrate any grounds to justify reconsideration. Doc. 113 at 4.

Defendants Quinn, Fivecoat, and DBTCA each moved for an award of attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3). Docs. 99, 100. Defendants Quinn and Fivecoat argue that Plaintiff's case was without merit, vexatious, and in bad faith because it was clear from the outset that Plaintiff could not state a claim as a matter of law. Doc. 99 at 4. They argue that since Plaintiff's FDCPA claims were based on their representation of DBTCA in the state foreclosure action, his claims were meritless. They cite Eleventh Circuit case law that an *in rem* foreclosure action, unaccompanied by a demand for payment, is not a debt collection activity under the FDCPA. *Id*. They also argue that his FDCPA claims were barred by the litigation privilege. *Id*.

DBTCA similarly argues that Plaintiff's FDCPA allegations in both iterations of his Complaint were contrary to case law, and Plaintiff's vexatiousness is exemplified by filing of the Amended Complaint without curing his pleading deficiencies. Doc. 100 at 4. DBTCA further relies on Plaintiff's conduct in the foreclosure case to demonstrate that Plaintiff's claims were brought in bad faith and for purposes of harassment. *Id*. For instance, the foreclosure case has been ongoing for eight years, Plaintiff has filed numerous interlocutory appeals from nonfinal orders, and the delay was furthered by Plaintiff's attempt to remove and consolidate the state case with the instant case. Doc. 100 at 4.

Plaintiff disputes that this action was brought in bad faith. Plaintiff acknowledges that it was his error not to "explain well enough" his allegations and that he "may not have understood Courts (sic) direction" in filing his Amended Complaint, but he remains steadfast in his belief that Defendants have and continue to commit violations. Doc. 105 at 1, 4. Plaintiff also argues that the "American Rule" requires each party to be responsible for their own attorney's fees. *Id.* at 2.

## Discussion

Parties generally are required to bear their own litigation expenses regardless of who wins or loses. *Fox v. Vice*, 563 U.S. 826, 131 S. Ct. 2205, 2213 (2011). The Supreme Court has stated that "this principle is so firmly entrenched that it is known as the 'American Rule.'" *Id.* Exceptions exist, however, where Congress has authorized courts to deviate from this rule in certain types of cases by shifting fees from one party to another. *Id.* The statute involved here, 15 U.S.C. §1692k(a)(3), authorizes attorney's fees and costs to a prevailing defendant if the court finds that an FDCPA action was brought in bad faith and for the purposes of harassment. The statute states, in pertinent part, that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. §1692k(a)(3). The burden is on the prevailing defendant to affirmatively show that the action was brought in bad faith and for the purposes of harassment. *Ritchie v. Cavalry Portfolio Servs., LLC*, No. 8:08-CV-1725-T-17MAP, 2010 WL 5662931, at *7 (M.D. Fla. Nov. 23, 2010), *report and*

*recommendation adopted*, No. 8:08-CV-1725-T-17MAP, 2011 WL 309055 (M.D. Fla. Jan. 27, 2011).

Neither party cites any binding authority from the Eleventh Circuit interpreting 15 U.S.C. §1692k(a)(3) in this context, and the Court could not locate any. Courts in this district, however, have held that "[b]ad faith is found where 'a plaintiff both knew that his or her claim was meritless and pursued it with a purpose of harassing the defendant.'" *See e.g. Diaz v. First Marblehead Corp.*, No. 6:14-CV-1338-ORL-31, 2014 WL 7251648, at *3 (M.D. Fla. Nov. 3, 2014), *report and recommendation adopted*, No. 6:14-CV-1338-ORL-31, 2014 WL 7251653 (M.D. Fla. Dec. 18, 2014). "With respect to the bad faith prong in other contexts, the Eleventh Circuit has found that bad faith requires more than mere negligence and that a finding of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation that needlessly obstruct the litigation of non-frivolous claims." *Montero-Hernandez v. Palisades Collection, LLC*, No. 6:12-CV-1736-ORL-22, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014) (*citing Schwartz v. Millon Air, Inc.*, 341 F. 3d 1220, 1225-26 (11th Cir. 2003)).

Courts in this district also have held that merely prevailing on a motion to dismiss for failure to state a claim, or on summary judgment, is insufficient to show that the plaintiff acted in bad faith and for the purpose of harassment. *Heald v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-993-J-34JRK, 2014 WL 4639410, at *6, n. 16 (M.D. Fla. Sept. 16, 2014) ("The Court's finding that [Plaintiff] does not state a claim under the FDCPA does not equate to a finding that she proceeded in bad faith

and for the purpose of harassment by bringing this claim."); *See also Acosta v. Campbell*, No. 6:04-CV-761-Orl-28-DAB, 2009 WL 4639704, at *8-9 (M.D. Fla. Dec. 4, 2009); *Derbin v. Keith M. Nathanson*, PLLC, No. 2:12-CV-670-FTM-29, 2013 WL 5490176, at *3-4 (M.D. Fla. Sept. 30, 2013); *Wilson v. Transworld Sys., Inc.*, No. 5:00-CV-135-OC-10GRJ, 2003 WL 21488206, at *1 (M.D. Fla. June 10, 2003).

In cases where courts found a claim to be pursued in bad faith and for the purpose of harassment, plaintiff's knowledge that a claim was meritless was proven by plaintiff's own contradictory testimony or other evidence.   For example, in *Tucker v. CBE Grp., Inc.,* 710 F. Supp. 2d 1301 (M.D. Fla. 2010) and *Rhinehart v. CBE Grp., Inc.* 714 F. Supp. 2d 1183, 1185-86 (M.D. Fla. 2010), plaintiffs' deposition testimonies contradicted most of the allegations in their complaints, and the court concluded that plaintiffs' attorneys' had merely filed boilerplate complaints, which the plaintiffs had verified despite their inclusion of erroneous assertions of fact.   In *Tucker*, Plaintiff was also found to have likely altered evidence in an effort to demonstrate that Defendant was in violation of the FDCPA.[4]   710 F. Supp. 2d at 1306.   *Diaz* involved a plaintiff who filed a case against a loan servicer.   2014 WL 7251648 at *3. Plaintiff's counsel had prior experience litigating at least one FDCPA case against a loan servicer that resulted in dismissal because loan servicers were found not to be debt collectors for purposes of the FDCPA.   *Id.*   Because of his prior experience, the

---

[4] Tucker involved a Plaintiff who had an adult daughter living with him.   The Defendant's telephone calls were directed to Plaintiff's daughter.   The court found that "Plaintiff may have intentionally omitted [his daughter's name]' from his articulation of the voice mail messages in an effort to demonstrate that Defendant did not clearly identify he was not the intended recipient of the messages."

court was satisfied that counsel knew his client's claim was frivolous, and he still chose to pursue it. *Id.* The *Diaz* court did not expand on the harassment prong, but it is reasonable to infer that when the evidence is so clear that a plaintiff instituted a case with express knowledge from prior litigation experience that it is a meritless claim, such case was pursued for the purpose of harassment. In *Scroggin v. Credit Bureau of Jonesboro, Inc.*, 973 F. Supp. 2d 961, 984 (E.D. Ark. 2013), aff'd, 576 F. App'x 632 (8th Cir. 2014), in which DBTCA relies, it was determined by Plaintiff's own admission that he intended "to run up the other sides legal bills and be a complete nightmare." The Plaintiff in *Scroggin* also had publicly posted numerous comments on various websites that he wanted to "maximize retaliation," "do some damage," and other assertions that made clear that his primary purpose was to harass the defendant. *Id.* at 966, 968.

The standard for an award of attorney's fees under 15 U.S.C. §1692k(a)(3) is two-pronged; Defendants must affirmatively show that Plaintiff acted in bad faith *and* for the purpose of harassment. Whether Plaintiff instituted this action in bad faith and for the purpose of harassing the Defendants is a close call, particularly in light of the litigation history of the foreclosure case. The Court is not convinced, however, that based on the limited record before it, Plaintiff's intent in filing this action was in bad faith and for the purpose of harassing the Defendants. In their arguments, Defendants rely primarily on the fact that Plaintiff failed to heed the Court's instructions in properly amending his Complaint and that Defendant was on notice that his claims were meritless, particularly after the first dismissal Order. In

the first dismissal Order, the Court instructed Plaintiff that if he wanted to allege FDCPA claims in his Amended Complaint, he had to allege that Defendants were doing more than just enforcing a security interest.   Plaintiff's Amended Complaint added minimal additional allegations that he received "demand letters" as an "attempt to collect a debt" and that Defendants sought from him "deficiency judgment" and "fees, costs, and attorney's fees."   Doc. 92 at 5.   It seems that Plaintiff attempted to add some relevant information, albeit unsuccessfully.   The Court noted in the second dismissal Order that *pro se* pleadings are construed more liberally than if they were drafted by an attorney; however, it found that future amendments would be futile since Plaintiff had exhibited an inability to heed the Court's instructions in the first dismissal Order.   Doc. 98 at 4, 7.

Even if the Court were to make the finding that Plaintiff knew that his claim was meritless after the first dismissal Order, there is no evidence that Plaintiff instituted the action for the purpose of harassment.   Defendants presented little arguments to satisfy this prong.   Defendants Quinn's and Fivecoat's only arguments with regards to this prong are that Plaintiff "continued to harass Defendants by pursuing the baseless claims and seeking damages to which he was clearly not entitled.   Such conduct, where Plaintiff persists in litigating his claims despite having no prima facie FDCPA claim, constitutes harassment and bad faith under the FDCPA."   Doc. 99 at 5.   Aside from listing the FDCPA statute authorizing attorney's fees, they cite to no authority expanding on the dual standard of bad faith and for the purpose of harassment.   The authority consulted by the Court, and

discussed herein, shows that U.S.C. §1692k(a)(3) has a heightened standard in that it is not enough for a defendant to merely be a prevailing party. *See e.g. Heald*, 2014 WL 4639410 at *6, n. 16; *Acosta*, 2009 WL 4639704 at *8-9; *Derbin*, 2013 WL 5490176 at *3-4; *Wilson*, 2003 WL 21488206 at *1.

Defendant DBTCA relies on Plaintiff's conduct in the foreclosure case to demonstrate that Plaintiff's claims were brought in bad faith and for purposes of harassment. The Court, however, is not able to determine simply from the foreclosure case history that Plaintiff's main intent in instituting this action was to harass the Defendants. Defendants have not presented any evidence from the circuit court in the foreclosure case, the appellate court, or even this Court where there was a finding that Plaintiff's actions were undertaken to harass the Defendants. Simply litigating a case does not amount to harassment. In contrast, *Scroggin*, in which DBTCA relies, had ample evidence posted on public forums of Plaintiff's intent to prolong litigation, be a difficult litigant, and harass the Defendant. *See Scroggin*, 973 F. Supp. 2d 961.

It appears from the record that Plaintiff's main reason for litigating the foreclosure case and instituting this action is his belief that DBTCA "repeatedly misidentified itself," and was not the proper assignee of his mortgage note. Unlike in *Rhineheart* and *Tucker*, where contradictory evidence existed to show that Plaintiff's allegations were unsubstantiated, no such evidence was presented here. *See* 714 F. Supp. 2d at 1185-86; 710 F. Supp. 2d 1301. Defendants do not deny that Plaintiff is wrong in his assertion that DBTCA misidentified itself in the foreclosure

case.  Additionally, many of the exhibits relied upon by DBTCA in its motion for attorney's fees were presented to the Court for consideration of its first motion to dismiss, in which it sought dismissal of this action with prejudice.  Docs. 100 at 4, 52-1, 52-3, 52-4, 52-11.  Quinn and Fivecoat's arguments of litigation privilege also were presented to the Court for consideration in their first motion to dismiss. Despite these exhibits and arguments, the Court did not dismiss the initial Complaint with prejudice.

The Court notes that it is unfortunate that Plaintiff failed to heed the Court's instructions and the parties were forced to expend time and resources to litigate this matter; however, while the *pro se* Plaintiff was negligent in how he chose to pursue his claims, the Court is unable to find that the Plaintiff brought this action in bad faith and for the purpose of harassment.  *Montero-Hernandez v. Palisades Collection, LLC*, No. 6:12-CV-1736-ORL-22, 2014 WL 505119, at *5-6 (M.D. Fla. Feb. 7, 2014) (despite dismissal as a sanction for repeated failures to abide by court's orders, there was no evidence that plaintiff commenced or pursued the lawsuit for purposes of harassment).  For the foregoing reasons, the Court does not believe that there has been an affirmative showing that Plaintiff's claims were brought in bad faith and for the purpose of harassment.

Defendants also seek costs.  Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "unless a federal statute, these rules, or a court order provided otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  In *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166 (2013), the Supreme Court

held that a district court may award costs to a prevailing defendant in an FDCPA case without finding that plaintiff brought the case in bad faith and for the purpose of harassment.   The word "should" in 54(d)(1) "makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* at 1172.   "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).   Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Quinn and Fivecoat seek $324.47 in costs, which comprise of Westlaw research fees, long distance telephone calls, photocopies, PACER document retrieval fees, and postage fees.   Doc. 99-1 at 7, 12, 20, 27, 32.   DBTCA seeks $24.62 in costs for telephone, postage, and copies.   Doc. 100-3 at 12, 15, 18, 22.   Section 1920(4) allows reimbursement of costs spent making copies of any materials where the copies are

"necessarily obtained for use in the case."   Defendants did not provide any details to show that the photocopies were necessary for use in the case.   "General copying, computerized legal research, [and] postage" fees are not recoverable under 28 U.S.C. § 1920.   *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Additionally, PACER fees, long distance telephone charges, and postage charges are not recoverable under 28 U.S.C. § 1920.   *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 686 (S.D. Fla. 2009) (PACER fees); *Johnson v. Mortham*, 173 F.R.D. 313, 320 (N.D. Fla. 1997) (long distance telephone and postage charges).   Therefore, pursuant to the above authority, neither Quinn and Fivecoat nor DBTCA are entitled to reimbursement for the costs advanced.

Lastly, the Court will discuss Plaintiff's Motion for Injunction.   Doc. 103. Plaintiff's motion seeks to enjoin counsel for either Defendant from contacting him regarding their motions for attorney's fees.   *Id.* at 1-2.   It is clear from Defendants' motions that counsel contacted plaintiff on the date complained of for the purpose of complying with their Local Rule 3.01(g) requirement.   *See* Docs. 99 at 9, 100 at 6. Additionally, counsel for Defendants also confirm that this was the reason for their attempt to contact Plaintiff.   Docs. 106 at 8, 108 at 1.   Accordingly, Plaintiff has failed to establish any entitlement to an injunction.

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED:**

1.      Defendants, Erin Mae Rose Quinn and Andrew Lee Fivecoat's Motion for Attorney's Fees and Incorporated Memorandum of Law (Doc. 99) be **DENIED**.

2.      Defendant Deutsche Bank Trust Company Americas' Motion for Attorneys' Fees and Incorporated Memorandum of Law (Doc. 100) be **DENIED**.

3.      Plaintiff's Motion in Opposition to Defendants' Requests for Attorney Fees (Doc. 105) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record